# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 05-CR-30137-DRH |
| | ) |
| **DAMMARO D. PERKINS,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

**HERNDON, District Judge:**

  This Order is to memorialize the action taken by the Court on August 29, 2006 (Doc. 13), which granted Defendant Dammaro Perkins' motion to continue (Doc. 12). On August 29, 2006, Defendant filed the Motion to Continue trial setting, which was scheduled for September 5, 2006 (Doc. 12), explaining that the government and Defendant were engaged in ongoing plea negotiations. Furthermore, counsel for Defendant stated that he needed to review a videotaped statement with Defendant before trial and had been unable to do so on two previous occasions due to technical problems. (*Id.*)

  As shown on the Record, the Court granted Defendant's Motion to Continue (Doc. 390), continuing the trial date until October 16, 2006 (*see* Doc. 13). The Court did so upon finding that pursuant to **18 U.S.C. § 3161(h)(8)(A)**, the ends of justice served by the granting of such continuance outweighed the best interests of the public and Defendant in a speedy trial. Although this finding was made "in the

judge's mind before granting the continuance . . . ." the Court now endeavors to memorialize its finding in this subsequent order, so that they may be made part of the record.  ***See Zedner v. United States*, - - U.S. - -, 126 S. Ct. 1976, 1989 (2006);  *see also United States v. Larson*, 417 F.3d 741, 743 (7th Cir. 2005)(Speedy Trial Act findings are not necessarily required to be made contemporaneously with continuance order); *United States v. Janik*, 723 F.2d 537, 544 (7th Cir. 1983)("[R]equired findings [under the Speedy Trial Act] need not be entered at the same time as the grant of the continuance.")(citing *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982))**.

In considering whether to grant the continuance, the Court noted that the government and Defendant were involved in plea negotiations, which if successful had the potential to serve both the public and Defendant's interest.  In addition, the Court reasoned that  denying a continuance would also likely serve to deny Defendant's counsel reasonable time necessary for effective preparation, even though he had acted with due diligence.  In sum, the Court found that denial of a continuance at that time, given the circumstances, would likely result in a miscarriage of justice, even when weighed against the interest of the public and the Defendant in conducting a speedy trial.

This reasoning, therefore, justified the Court in finding that pursuant to **18 U.S.C. § 3161(h)(8)(A)**, the ends of justice served by the granting of such continuance outweighed the best interests of the public and Defendant in a speedy

trial.  This finding also allowed the time from the Motion to Continue (Doc. 12) on August 29, 2006, until the date to which the trial was then rescheduled, October 16, 2006 (Doc. 13), to count as excludable time under the Speedy Trial Act.  Accordingly, the Court's findings herein regarding its Order (Doc. 13) granting the Motion to Continue (Doc. 12) are now part of the record.

**IT IS SO ORDERED**.

Signed this 14th day of September, 2006.

/s/        David   RHerndon
**United States District Judge**
